*E-Filed: March 3, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUAN PHAM KHUC, <br><br> Plaintiff, <br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | No. C13-04377 HRL <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> [Re: Docket No. 12] |

Luan Pham Khuc, proceeding pro se, challenges the United States Citizenship and Immigration Services' ("USCIS") denial of his May 17, 2011 Form N-400, Application for Naturalization. On January 22, 2015, Defendant filed a motion for summary judgment. Dkt. No. 12. Plaintiff did not file an opposition, but did appear at the March 3, 2015 hearing to oppose the motion. All parties have expressly consented to having all matters proceed before a magistrate judge. Based on the moving and responding papers, as well as the arguments presented at the hearing, the Court grants Defendant's motion for summary judgment.

**BACKGROUND**

In February 1986, Plaintiff entered the United States as a refugee. Young Decl., Exh. 1, at 2. In April 1988, he obtained permanent resident status as a refugee through 8 U.S.C. § 1159. *Id.* In January 1999, however, an immigration judge ordered Plaintiff removed from the United States because of Plaintiff's numerous arrests and criminal convictions. *Id.*, Exh. 2. Plaintiff's removal order automatically rescinded his lawful permanent resident status. *Id.*, Exh. 1, at 2. In July 1999,

the government issued Plaintiff an order of supervision, which allowed him to remain in the United States temporarily. *Id*., Exh. 3.

In May 2009, Plaintiff filed an I-485, Application to Register for Permanent Resident Status. *Id*., Exh. 7. In April 2010, the USCIS deemed Plaintiff inadmissible to adjust his status and denied his lawful permanent resident application, because of his criminal convictions and removal order. *Id*. Plaintiff subsequently submitted a Form I-602, Application by Refugee for Waiver of Grounds of Inadmissibility, which USCIS granted under 8 U.S.C. § 1159 in August 2010. *Id*., Exh. 1, at 2.

In May 2011, Plaintiff submitted an N-400, Application for Naturalization. *Id*., Exh. 8. USCIS denied the application, finding that Plaintiff was not eligible for the lawful permanent resident status he was granted in August 2010, and therefore he was not eligible to naturalize. *Id*., Exh. 1. Specifically, USCIS determined that under *Robleto-Pastora v. Holder*, 591 F.3d 1051 (9th Cir. 2010), an individual who previously adjusted his status under 8 U.S.C. § 1159 is not eligible to "re-adjust" under the same statute if he is seeking a waiver under 8 U.S.C. § 1159(c). *Id*. at 2. USCIS upheld its naturalization denial on rehearing, finding that "[i]nasmuch as [Plaintiff has] failed to meet all the requirements of [8 U.S.C. § 1427], [he has] failed to overcome the grounds of the denial." *Id*., Exh. 9.

In September 2013, Plaintiff filed the present action, challenging USCIS's denial of his May 2011 Form N-400, Application for Naturalization. Presently before the Court is Defendant's motion for summary judgment. Dkt. No. 12.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the

2

1 nonmoving party's claim or defense or show that the nonmoving party does not have enough
2 evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire*
3 *& Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" D*evereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

## DISCUSSION

Although Plaintiff does not assert any ground for this Court's jurisdiction, he presumably seeks relief under 8 U.S.C. § 1421(c). Under 8 U.S.C. § 1421(c) and 8 C.F.R. § 336.9(b), a person whose application for naturalization is denied after a hearing before an immigration officer may seek review of the denial in the district court for the district in which the he resides. "The review will be de novo, and the court will make its own findings of fact and conclusions of law." 8 C.F.R. § 336.9. If a court concludes that a statutory bar to naturalization exists, the court need not engage in fact finding and may dispose of the case by way of summary judgment. *See Chaudhry v. Napolitano*, 749 F. Supp. 2d 1184, 1184 (E.D. Wash. 2010) (citing *Chan v. Gantner*, 464 F.3d 289, 296 (2d. Cir. 2006)).

An alien petitioning for naturalization bears the burden of showing that he is eligible "in every respect" to become a United States citizen. *Berenyi v. Dist. Dir., Immigration & Naturalization Servs.*, 385 U.S. 630, 637 (1967); 8 C.F.R. § 316.2(b). "[T]here must be strict

compliance with all the congressionally imposed prerequisites to the acquisition of citizenship." *Fedorenko v. United States*, 449 U.S. 490, 506 (1981).

"[N]o person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence." 8 U.S.C. § 1429. The term "lawfully admitted for permanent residence" is defined as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20).

The term "lawfully admitted for permanent residence" "d[oes] not apply to aliens who had obtained their permanent resident status by fraud, or had otherwise not been entitled to it." *In re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003) (citing *Monet v. INS*, 791 F.2d 752, 754 (9th Cir. 1986)). In *Monet*, the Ninth Circuit held that the term "lawfully admitted for permanent residence" denotes compliance with substantive legal requirements, not mere procedural regularity. *Monet*, 791 F.2d at 754. The Ninth Circuit has subsequently extended its holding in *Monet* to cases in which the applicant did not engage in fraud, but instead obtained the benefit mistakenly. *See Segura v. Holder*, 605 F.3d 1063, 1067 (9th Cir. 2010).

A removable refugee may not adjust to lawful permanent resident status through a waiver of inadmissibility under 8 U.S.C. § 1159 if he had previously adjusted his status to lawful permanent resident. *Robleto-Pastora*, 591 F.3d at 1060. Allowing an alien like Plaintiff to apply for a waiver would place him at an unfair advantage over aliens who did not commit crimes, and would insulate him from his criminal misconduct that occurred after his arrival in the United States as a refugee. *See id*. Because Plaintiff obtained lawful permanent resident status as a refugee and later lost it as a result of his criminal convictions, USCIS erroneously re-adjusted his status under 8 U.S.C. § 1159(c), and Plaintiff remains inadmissible to the United States. As an inadmissible alien, Plaintiff is not eligible for naturalization. *See* 8 U.S.C. §§ 1429, 1427(a).

Accordingly, USCIS properly denied Plaintiff's May 2011 Form N-400, Application for Naturalization.

///

///

4

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: March 3, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-04377 HRL Notice will be electronically mailed to:**

Stacey Ilene Young     stacey.young@usdoj.gov

**C13-04377 HRL Notice will be mailed to:**

Luan Pham Khuc
2600 Senter Road
Spc. 184
San Jose, CA 95111

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**